UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID R. CARLSON,

        Plaintiff,

v.

D.O.C. Prison Warden BECKY DOOLY,
Sgt. JOHNSON, and Sgt. HOLT,

        Defendants.

Civil No. 13-0241 (JNE/JJG)

**REPORT AND RECOMMENDATION**

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a pleading entitled "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated February 11, 2013, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of at least $12.00, as required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid his initial partial filing fee, (Docket No. 7), so his complaint is now ripe for initial screening pursuant to 28 U.S.C. § 1915A. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility in Moose Lake, Minnesota, ("MCF-ML"). He is presently attempting to sue three prison officials employed at MCF-ML – Becky Dooly, (the prison warden), Sgt. Johnson, and Sgt. Holt. Plaintiff claims that Defendants violated his constitutional rights under the Eighth Amendment.

Plaintiff's submissions indicate that on or about January 2, 2013, Defendant Johnson filed an "Informal Discipline Report" that accused Plaintiff of violating an MCF-ML prison rule. The alleged violation is described as follows: "Failed room inspection: Extra blanket needs to be folded and bed made properly." (Complaint, Attachment, [Docket No. 1-1], at p. 1.) Johnson's discipline report prescribed a punishment consisting of a loss of privileges, ("LOP"), for one day. (Id.) The privileges that Plaintiff lost included phone calls, legal calls and use of the law library (unless pre-approved), evening activities, visiting privileges, religious programming, access to the canteen, work assignments, leaving his assigned room, and talking with other inmates. (Id.) Johnson's discipline report and the prescribed loss of privileges were later upheld by Defendant Holt. (Id.)

Plaintiff now claims that the LOP resulting from Johnson's discipline report constitutes "cruel and unusual punishment." He is attempting to sue Johnson and Holt, as well as Defendant Dooly, for allegedly violating his rights under the Eighth Amendment. As far as the Court can tell, Plaintiff is not alleging that he suffered any actual injury from the LOP described in his complaint, and he is not seeking any compensatory damages, but rather, he is seeking a judgment that would cause

2

Johnson's discipline report to be "expunged."  (Complaint, p. 5.)

## II.   DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the pleading fails to state a legally cognizable claim, the action must be dismissed.  28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights under the Eighth Amendment.  To state an actionable civil rights claim based on the Eighth Amendment, a prisoner must allege facts showing that prison officials were personally aware of some particular "excessive risk" to his health or safety, and knowingly and deliberately disregarded that risk.  Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995).  The prisoner's complaint must allege facts showing that the named defendant(s) harmed him by deliberately disregarding his "serious medical needs," (Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)), forcing him to live in conditions that do not meet the minimum standards of a civilized society, (Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), using excessive physical force, (Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)), or deliberately exposing him to an obvious risk of physical harm, (Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

3

Furthermore, an Eighth Amendment claimant must allege facts showing that the defendant(s) caused the claimant to suffer some actual, identifiable harm. "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff's current complaint does not describe any act or omission by any of the named Defendants that could be viewed as a violation of the Eighth Amendment. Plaintiff alleges that Defendants merely caused him to lose certain nominal prison privileges for just a single day. The minimal loss of privileges described in Plaintiff's current submissions has no constitutional significance whatsoever. See Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003) ("thirty-seven days without contact visitation or religious services do not violate the Eighth Amendment because these conditions do not inflict unnecessary or wanton inflictions of pain, nor do they involve 'life's necessities,' such as water, food or shelter"); Brown v. Nix, 33 F.3d 951, 955 (8th Cir. 1994) (prisoner's nine-year term of segregated confinement for multiple disciplinary infractions did not violate the Eighth Amendment); Smith v. Sapp, Nos. 97-5642, 97-5921 (6th Cir.), 1998 WL 384620 at *1 (unpublished opinion) ("the Constitution 'does not mandate comfortable prisons,' and forcing an inmate to live without such privileges as bingo, a television, or a job does not constitute the infliction of serious pain necessary to state an Eighth Amendment claim") (citation omitted), cert. denied, 525 U.S. 902 (1998); Clark v. Maryland Dept. of Public Safety and Correctional Services, 316 Fed.Appx. 279, 281 (4th Cir. 2009) (unpublished opinion) ("as prisoners do not have a constitutionally protected right to work while incarcerated, termination from a prison job does not constitute an Eighth Amendment violation"); Johnson v. Kuehne, No. 2:12-CV-12878,

4

(E.D.Mich. 2012) 2012 WL 3113200 at *2 (prisoner failed to state an actionable Eighth Amendment claim, because "[h]is loss of privileges for 20 days does not reflect the infliction of serious pain nor fall beneath the minimal civilized measure of life's necessities"); Roseboro v. Gillespie, 791 F.Supp.2d 353, 381 (S.D.N.Y. 2011) (prisoner who was "sanctioned with a ninety-day loss of his visitation, phone and commissary privileges for failing to stand for [an]... inmate count" failed to state an actionable Eighth Amendment claim, because "these penalties are not severe enough to constitute cruel and unusual punishment").

In sum, the Court finds that Plaintiff has not alleged any facts showing that he has suffered any possible violation of his constitutional rights under the Eighth Amendment. Indeed, Plaintiff's Eighth Amendment claim is patently frivolous.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that this case be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not pleaded a viable claim in his complaint, his application for leave to proceed IFP must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[1] To date, Plaintiff has paid only $12.00, so he still owes $338.00. Prison

---

[1] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation

5

officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending motion for appointment of counsel and discovery, (Docket No. 4), be denied. Lastly, because Plaintiff has failed to plead an actionable claim for relief, the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the sum of $338.00, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's motion for appointment of counsel and discovery, (Docket No. 4), be **DENIED**; and

5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).


Dated: March 21, 2013          _s/ Jeanne J. Graham_
                                          JEANNE J. GRAHAM
                                          United States Magistrate Judge

---

of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 8, 2013**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.